**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 19-4076**

UNITED STATES OF AMERICA,

            Plaintiff - Appellee,

      v.

ANTONIO ALONZO JETT,

            Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Anthony John Trenga, District Judge.  (1:17-cr-00281-AJT-1)

Submitted:  September 30, 2019                    Decided:  October 8, 2019

Before DIAZ, FLOYD, and RUSHING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Donna L. Biderman, LAW OFFICE OF DONNA L. BIDERMAN, PLLC, Fairfax, Virginia, for Appellant.  Lena Munasifi, Special Assistant United States Attorney, Daniel Taylor Young, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Alonzo Jett pled guilty, pursuant to a written plea agreement, to conspiracy to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 846 (2012), and possessing a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (2012). The district court sentenced Jett to a total of 88 months of imprisonment and Jett now appeals. Jett's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious grounds for appeal but questioning whether Jett's plea was knowing and voluntary. We affirm.*

Because Jett did not move to withdraw his guilty plea, we review the adequacy of the Fed. R. Crim. P. 11 plea colloquy for plain error. *United States v. Sanya*, 774 F.3d 812, 815 (4th Cir. 2014). To demonstrate plain error, Jett "must demonstrate not only that the district court plainly erred, but also that this error affected his substantial rights. In the Rule 11 context, this inquiry means that [Jett] must demonstrate a reasonable probability that, but for the error, he would not have pleaded guilty." *Id.* at 816 (citation and internal quotation marks omitted). Our review of the Rule 11 colloquy reveals that the district court failed to inform Jett of the court's authority to order restitution, and that, in the event the court did not follow the parties' sentencing recommendations made pursuant to Rule 11(c)(1)(B), Jett could not withdraw his guilty plea. We conclude that neither omission affected Jett's substantial rights because the district court did not order restitution and

---

* Jett's plea agreement contained a provision waiving his right to appeal. However, because the Government has not sought to enforce the waiver, our review pursuant to *Anders* is not precluded. *United States v. Poindexter*, 492 F.3d 263, 271 (4th Cir. 2007).

followed the parties' sentencing recommendations. Because Jett's plea was knowing and voluntary, we affirm his convictions.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Jett, in writing, of the right to petition the Supreme Court of the United States for further review. If Jett requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Jett.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*